IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHRISTOPHER P. CRAWFORD,**

        Plaintiff,

   v.

**ROY ORR, Superintendent Oregon State Hospital,**

        Defendant.

CV NO. 09-1152-HU

**FINDINGS AND RECOMMENDATION**

Christopher P. Crawford
2600 Center Street NE
Salem, Oregon 97301
    Pro se

John R. Kroger
Attorney General
Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301
    Attorney for defendant

HUBEL, Magistrate Judge:

    This is a civil rights action by Christopher Crawford, a patient at Oregon State Hospital (OSH), against Roy Orr, Superintendent of OSH. Crawford asserts a claim under 42 U.S.C. § 1983 for violation of his procedural due process rights by the

FINDINGS AND RECOMMENDATION Page 1

Psychiatric Security Review Board (PSRB). Orr moves to dismiss the action (doc. # 11) on the following grounds: 1) Crawford is precluded from bringing an action under § 1983 by Heck v. Humphrey, 512 U.S. 477, 480 (1994), because success in this action would necessarily demonstrate the invalidity of his confinement; 2) Crawford has failed to state a claim under § 1983 because he has not alleged a causal link between Orr's actions and the alleged due process violations, and even if he had, *respondeat superior* liability is not available under § 1983; and 3) Crawford's claims are time-barred. Crawford has not filed a response to Orr's motion to dismiss.

At issue is Crawford's only remaining claim, the second claim for relief.[1] For this claim, Crawford alleges: 1) PSRB clients are denied effective assistance of counsel during PSRB hearings because they are represented by a single attorney, not given sufficient time to prepare, and clients are often discouraged, if not prevented, from appeals; 2) the PSRB has ordered Crawford to be evaluated at his last two hearings, but the orders are not enforceable by law; 3) PSRB is unwilling to appoint counsel even though Crawford is indigent; 4) in 1999, PSRB ordered Crawford to prison for 20 months for Escape II, despite finding that he

---

[1] Crawford's first claim for relief, asserting that inmates committed to the custody of PSRB were subjected to cruel and unusual punishment, was dismissed for failure to state a claim. (Doc. # 4). Crawford's third claim, asserting that he had been subjected to overcrowding, inadequate mental health care, excessive force and restraints, and inadequate discharge planning were dismissed because Crawford did not allege that Orr was personally involved. Id.

FINDINGS AND RECOMMENDATION Page 2

suffered from a mental disease and presented a danger to himself and others;[2] and 5) Oregon trial attorneys are generally inept at representing persons found guilty by reason of mental disease or defect. For relief, Crawford seeks damages and "injunctive relief via release from PSRB jurisdiction," and "creat[ing] a pool of competent attorneys to better represent the civilly and criminally committed disabled persons like myself."

The court has held that Crawford may proceed with this claim to the extent that it challenges, on procedural due process grounds, PSRB reviews, and seeks injunctive or declaratory relief.

## Discussion

Orr moves to dismiss the second claim for relief on the basis of Heck v. Humphrey, 512 U.S. 477 (1994), and the absence of any allegations linking Orr to the conduct complained of by the PSRB.

Orr challenges Crawford's ineffective assistance of counsel claims arguing that Crawford's success on those claims would necessarily demonstrate the invalidity of the underlying proceeding, i.e., the PSRB commitment hearings. In Heck, the Supreme Court announced a new "favorable termination rule" for § 1983 claims by prisoners:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus.

---

[2] This part of Crawford's claim has also been dismissed. (Doc. # 4).

FINDINGS AND RECOMMENDATION Page 3

Heck, 512 U.S. at 486-87. In Edwards v. Balisok, 520 U.S. 641, 645 (1997), the Court noted the possibility that a procedural challenge could necessarily imply the invalidity of the judgment, and be foreclosed by Heck. The rule in Heck applies to persons who have been involuntarily committed. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005).

Orr argues that Crawford's claims of ineffective assistance of counsel are barred by Heck because success on that claim would necessarily imply the invalidity of the proceeding, citing, *inter alia,* Hackett v. City of Fresno Fax Area Express, 2009 WL 735254 * 4 (E.D. Cal. 2009)(plaintiff's claims against public defender for ineffective assistance of counsel barred by Heck); Smith v. Kramer, 2009 WL 4505894 *2 (E.D. Cal. 2009)(claim based on wrongful incarceration caused by ineffective assistance of counsel barred by Heck).

I agree that Heck bars Crawford's claims that PSRB clients are denied effective assistance of counsel, that the PSRB is "unwilling" to appoint counsel for Crawford, and that Oregon attorneys are generally inept at representing persons who have been involuntarily committed, because success on those claims would necessarily invalidate his commitment. See Huftile, 410 F.3d at 1139-40. Although ordinarily a prayer for prospective relief will not necessarily imply the invalidity of a judgment, and so may properly be brought under § 1983, Balisok, 520 U.S. at 648, the injunctive relief Crawford seeks is release from PSRB jurisdiction, which does necessarily imply the invalidity of his commitment.

FINDINGS AND RECOMMENDATION Page 4

Accordingly, I conclude that Crawford's request for injunctive relief is also foreclosed by Heck.

Orr also contends that Crawford has not stated a claim against him because Crawford has not alleged a causal link between Orr's actions and the alleged violations. He argues that because Orr has no authority or control over PSRB, no act or omission by him could have caused the violations of which Crawford complains.

In order for a person acting under color of state law to be liable under § 1983, there must be a showing of personal participation in the alleged rights deprivation. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(requiring personal participation in the alleged constitutional violation); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)(§ 1983 liability must be based on the personal involvement of the defendant). Crawford has not alleged that Orr, the superintendent of OSH, participated in any of the conduct alleged against PSRB.

Orr also contends that he has no authority to implement or alter the procedures employed by PSRB in its hearing process, but argues that even if he did, he could not be liable for procedural due process violations committed by PSRB because there is no respondeat superior liability in a § 1983 action. Section 1983 liability cannot be based on respondeat superior. Monell v. Dep't of Social Services, 436 U.S. 658, 692-94 (1978).

Crawford has not alleged that Orr issued the allegedly unenforceable PSRB evaluation orders, or participated in generating

FINDINGS AND RECOMMENDATION Page 5

them. For these additional reasons, Crawford's claims against Orr should be dismissed.

## Conclusion

I recommend that Orr's motion to dismiss the second claim for relief (doc. # 11) be GRANTED.

## Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 14, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due July 1, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of <u>May</u>, 2010.

<u>s/ Dennis James Hubel</u>

Dennis James Hubel
United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 6